UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,
CENGAGE LEARNING INC. AND
THE MCGRAW-HILL COMPANIES, INC.,

               Plaintiffs,

      -against-

JOHN DOE D/B/A PARLIN BOOKS
AND JOHN DOE NOS. 1-5,

             Defendants.

- - - - - - - - - - - - - - - - - x

**09 CIV 1940**

JUDGE MARRERO

09 Civ.

## COMPLAINT

Plaintiffs Pearson Education, Inc. ("Pearson"), Cengage Learning Inc. ("Cengage") and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their undersigned attorneys, for their complaint against defendants John Doe d/b/a Parlin Books and John Doe Nos. 1 through 5, aver:

### Nature of the Action

1.   Plaintiffs are bringing this action to enforce their copyrights and trademarks against defendants' unlawful sale in the United States of non-United States versions of plaintiffs' educational books.

### Jurisdiction and Venue

2.   This Court has subject matter jurisdiction over the first two claims in this action pursuant to 28 U.S.C.

§§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq., or the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction over the third claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.   Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

Parties

4.   Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5.   Cengage is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

6.   McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

7.    Upon information and belief, defendant John Doe d/b/a Parlin Books is a natural person whose identity is presently unknown to plaintiffs.

8.    Upon information and belief, defendants John Doe Nos. 1-5 are associates of the named defendant whose identities are presently unknown to plaintiffs.

<u>The Businesses of Plaintiffs</u>

9.    Each plaintiff publishes a variety of works, including educational books.

10.   As a standard practice, each plaintiff requires its authors to assign the copyright to them or grant them the exclusive rights of reproduction and distribution in the United States.  This practice enables each plaintiff to maximize dissemination of each work.

11.   Plaintiffs invest significant monies to publish their copyrighted works.  Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

12.   Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced.  A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or

journals.  This would adversely impact the creation of new
works, scholarly endeavor, and scientific progress.

13.  Plaintiffs' educational books authorized for sale
in the United States are of the highest quality (the "United
States Editions").  These books are generally printed with
strong, hard-cover bindings with glossy protective coatings and,
in some cases, contain extra features such as sewn ribbon
bookmarks.  Plaintiffs frequently offer academic supplements,
such as CD-ROMs, computer passwords that provide purchasers with
access to academic websites corresponding to the textbooks, and
study guides with the United States Editions.

14.  Plaintiffs generally create different versions of
their educational books that are intended for sale in specific
geographic markets outside of the United States (the "Foreign
Editions").  The Foreign Editions materially differ from the
United States Editions.  The Foreign Editions have thinner paper
and different bindings, different cover and jacket designs,
fewer internal ink colors, if any, lower quality photographs and
graphics, and generally lower prices than the United States
Editions.  Also, the Foreign Editions often lack academic
supplements, such as CD-ROMs, website passwords, or study
guides.  The Foreign Editions are generally marked to
indicate their lower cost by a legend indicating, in substance,
that the title is a "Low Price Edition" and/or authorized for

4

sale only in a particular country or geographic region.  The
Foreign Editions are uniformly manufactured outside of the
United States.

<u>Plaintiffs' Copyrights and Trademarks</u>

15.  Plaintiffs routinely register their copyrights.
Pearson has generally registered its copyrights in its works,
including those identified on Schedule A (the "Pearson
Copyrights").  Cengage has generally registered its copyrights
in its works, including those identified on Schedule B (the
"Cengage Copyrights").  McGraw-Hill has generally registered its
copyrights in its works, including those identified on Schedule
C (the "McGraw-Hill Copyrights").

16.  Plaintiffs also own, themselves or through their
parent or affiliate companies, trademarks that they use to
differentiate their products from those of their competitors.

17.  Pearson PLC, Pearson's ultimate parent company,
is the owner of and Pearson is an exclusive licensee of, with
the accompanying right and duty to protect and enforce Pearson
PLC's rights therein, the well-known trademarks "Pearson,"
"Pearson Education" and "Prentice Hall."  Pearson is the direct
holder of the well-known trademark "Benjamin Cummings."
Pearson's affiliate corporation Addison Wesley Longman, Inc., is
the owner of, and Pearson is the exclusive licensee of, with the
accompanying right and duty to protect and enforce its and its

affiliate company's rights therein, the well known trademarks "Addison Wesley" or "Addison-Wesley" (the "Pearson Trademarks"). The United States Registrations for the Pearson Trademarks are identified on Schedule D.

18.   Among McGraw-Hill's well-known trademarks are "McGraw-Hill," "The McGraw-Hill Companies" and "Irwin" (the "McGraw-Hill Trademarks").  The United States Registrations for the McGraw-Hill Trademarks are identified on Schedule E.

## The Infringing Acts of Defendants

19.   Defendants have without permission purchased Foreign Editions of plaintiffs' books manufactured outside of the United States and resold them to purchasers in the United States through the Internet using the usernames "Parlin Books," at the websites including, but not limited to, Alibris.com.

## FIRST CLAIM FOR RELIEF
(Copyright Infringement - 17 U.S.C. § 501)

20.   Plaintiffs repeat the averments contained in paragraphs 1 through 19 as if set forth in full.

21.   Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

22.   Cengage has received United States Certificates of Copyright Registration for the Cengage Copyrights.

6

23.   McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

24.   The Pearson, Cengage and McGraw-Hill Copyrights are valid and enforceable.

25.   Defendants have infringed the Pearson, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

26.   Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson, Cengage and McGraw-Hill Copyrights.

27.   Defendants have willfully infringed the Pearson, Cengage and McGraw-Hill Copyrights.

28.   Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

SECOND CLAIM FOR RELIEF

(Trademark Infringement - 15 U.S.C. § 1114(a))

29.   Plaintiffs repeat the averments contained in paragraphs 1 through 28 above as if set forth in full.

30.   Pearson is the exclusive licensee of the Pearson Trademarks, with the accompanying right and duty to protect and enforce Pearson's rights therein.   Pearson's licensor parent and affiliate companies have obtained United States Trademark Registrations for the Pearson Trademarks.

31.   McGraw-Hill owns the McGraw-Hill Trademarks, for which it has obtained United States Trademark Registrations.

32.   The Pearson and McGraw-Hill Trademarks are valid and enforceable.

33.   Defendants have infringed the Pearson and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a) by using them on and/or in connection with the works that they have sold.

34.   Defendants' acts complained of herein have irreparably damaged plaintiffs and may continue to do so.   The damage to plaintiffs includes harm to their good will and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons

acting in concert with them from using the Pearson and McGraw-Hill Trademarks or any colorable imitation of them.

35.   Defendants have willfully infringed the Pearson and McGraw-Hill Trademarks.

36.   Plaintiffs are entitled to recover (1) defendants' profits from the infringing books, (2) plaintiffs' damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
(Common Law Unfair Competition Under State Law)

37.   Plaintiffs repeat the averments contained in paragraphs 1 through 36 above as if set forth in full.

38.   Defendants' acts complained of herein have damaged and may continue to damage plaintiffs irreparably.  The damage to plaintiffs includes harm to their goodwill and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson and McGraw-Hill Trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive

damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiffs demand judgment:

A.    Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.    Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willful infringement of the Pearson, Cengage and McGraw-Hill Copyrights;

C.    Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a);

D.    Awarding plaintiffs their damages and/or defendants' profits from their willful infringement of the Pearson and McGraw-Hill Trademarks pursuant to 15 U.S.C. § 1117(a);

E.    Directing that defendants engage in such additional activities, including, but not limited to, recalls of

products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

   F. Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

   G. Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact in this action; and

   H. Granting such other and further relief as to this Court seems just and proper.

Dated: New York, New York
    March 3, 2009

          DUNNEGAN LLC

         By_____
          William Dunnegan (WD9316)
          wd@dunnegan.com
          Laura Scileppi (LS0114)
          ls@dunnegan.com
         Attorneys for Plaintiffs
          Pearson Education, Inc.,
          Cengage Learning Inc. and
          The McGraw-Hill Companies, Inc.
         350 Fifth Avenue
         New York, New York 10118
         (212) 332-8300

Schedule A
"Pearson Copyrights"

Title (Date of Registration)   (Registration #)

1. Systems Analysis and Design (April 5, 2004)
   (TX0005941476).
2. Signals and Systems, 2e (January 10, 1997) (TX0004445749)
3. Operations Management: Process and Value Chains, 8e (May
   8, 2006) (TX0006355040)
4. Cost Accounting, 12e (January 13, 2006) (TX0006311827)
5. Options, Futures and Other Derivatives, 6e (October 6,
   2005) (TX0006235430)
6. Algebra, 1e (August 5, 1991) (TX0003112202)
7. Discrete Mathematical Structures, 5e (October 17, 2003)
   (TX0005829939)
8. Computer Networks, 4e (September 5, 2002) (TX0005619281)
9. Digital Design Principles and Practices, 4e (September 2,
   2005) (TX0006228452)
10. Fundamentals of Parallel Processing (September 5, 2002)
    (TX0005619279)
11. Neural Networks: A Comprehensive Foundation, 2e (July 31,
    1997) (TX0004828740)

Schedule B
"Cengage Copyrights"

<u>Title</u>      <u>(Date of Registration)</u>    <u>(Registration #)</u>

1. Principles of Foundation Engineering (February 28, 2003)
   (TX0005700477).
2. Advanced Engineering Mathematics (May 31, 2007)
   (TX 6-578-935)
3. Solid Waste Engineering (December 6, 2001)
   (TX 5-558-757)

Schedule C
"McGraw-Hill Copyrights"

Title (Date of Registration)   (Registration #)

1.   Health Psychology (November 13, 2002) (TX0005608847).
2.   Economics (August8, 2004) (TX0006037505).
3.   Principles of Economics (March 17, 2006) (TX0006338215).
4.   Computer Organization (August 8, 2001) (TX0005362472).
5.   Organic Chemistry (January 22, 2007) (TX0006510059).
6.   Managerial Economics and Organizational Architecture (May 26, 2006) (TX0006358516).

Schedule D
"Pearson Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Pearson" | 2,599,724 | 009, 016, 035, 042 |
| 2. "Pearson" | 2,600,081 | 041 |
| 3. "Pearson" | 2,652,792 | 009, 016 |
| 4. "Pearson" | 2,679,355 | 016 |
| 5. "Pearson" | 2,691,830 | 041 |
| 6. "Pearson" | 2,694,359 | 009 |
| 7. "Prentice-Hall" | 1,332,044 | 016 |
| 8. "Prentice-Hall" | 1,332,639 | 042 |
| 9. "Prentice-Hall" | 1,375,654 | 009 |
| 10. "Addison Wesley" | 2,188,798 | 016 |
| 11. "Addison-Wesley" | 2,400,130 | 016 |
| 12. "Benjamin Cummings" | 2,674,589 | 016 |
| 13. "Benjamin Cummings" | 2,671,773 | 041 |
| 14. "Benjamin Cummings" | 2,671,772 | 041 |
| 15. "Benjamin Cummings" | 2,621,299 | 016 |
| 16. "Benjamin Cummings" | 1,189,279 | 016 |

Schedule E
"McGraw-Hill Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "McGraw-Hill" | 1,350,345 | 16 |
| 2. "McGraw-Hill" | 2,899,528 | 16, 41 |
| 3. "The McGraw-Hill Companies" | 3,103,212 | 9,16,35,36,37, 38,39,40,41,42 |
| 4. "Irwin" | 1,718,118 | 16 |